IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH WATKINS, #02052758 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv519 |
| ANN M. FRANKLIN, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Joseph Watkins, an inmate previously confined at the Gurney Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #10) concluding that the lawsuit should be dismissed in accordance with *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584 (1997). Mr. Watkins has filed objections (Dkt. #13).

The lawsuit concerns a physical confrontation between Mr. Watkins and Officer Ann M. Franklin. As a result of the incident, Mr. Watkins received a disciplinary case for assaulting Officer Franklin. Mr. Watkins, in turn, alleges that he was the victim of excessive use of force. He complains that she sprayed him with a chemical agent. He is asking the court to overturn the disciplinary case and to award him monetary damages, both compensatory and punitive.

The Supreme Court has held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that

1

the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck*, 512 U.S. at 486-87, 114 S. Ct. at 2372. The Supreme Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* at 486, 114 S. Ct. at 2372. The holding in *Heck* was extended to prison disciplinary proceedings in *Balisok*, 520 U.S. at 648, 117 S. Ct. at 1589. The Fifth Circuit subsequently cited *Heck* and *Balisok* in affirming the dismissal of a civil rights lawsuit where an inmate alleged that prison guards subjected him to excessive use of force by spraying him with a can of mace. *Donnelly v. Darby*, 81 F. App'x 823 (5th Cir. 2003). More recently, the Fifth Circuit reiterated that an inmate may not bring a civil rights lawsuit about a prison disciplinary case unless he first shows that "his disciplinary conviction has been invalidated by official action." *Lee v. Wade*, 593 F. App'x 410, 410 (5th Cir. 2015).

In the present case, Mr. Watkins' claims necessarily imply the invalidity of his disciplinary conviction, and he has not shown that the disciplinary case was reversed or expunged. It should be reiterated that he wants this court to overturn the disciplinary case and award him compensatory and punitive damages. Mr. Watkins may not bring a civil rights lawsuit at this juncture in light of *Heck* and *Balisok*. The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In his objections, Mr. Watkins asserts that the lawsuit is not frivolous and that he can prove his allegations. Nonetheless, the court may not consider the merits of his lawsuit at this time. He

must first satisfy *Heck* and *Balisok* in order to have his case considered on the merits. The lawsuit is frivolous since he has not satisfied *Heck* and *Balisok.*

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Watkins to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Watkins' objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and that Mr. Watkins' claims are **DISMISSED** with prejudice to their being asserted again until the *Heck* conditions are met. All motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Jan 25, 2018**

_____
Ron Clark, United States District Judge